# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 24

Divide County,  Plaintiff and Appellant

v.

Stateline Service, Inc. a/k/a
Stateline Services, Inc., Jason
Pahl, Stanley Jones Church,  Defendants and Appellees

## No. 20210016

Divide County,  Plaintiff and Appellant

v.

Power Energy Logistics, LLC,
Eric Douglas, Bill Jegen,
Kevin V. Palaia,  Defendants and Appellees

## No. 20210017

Appeals from the District Court of Divide County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Seymour R. Jordan (on brief), State's Attorney, Crosby, N.D., for plaintiff and appellant.

Isaac O. Lees (argued) and Jeff L. Nehring (on brief), Williston, N.D., for defendants and appellees.

**Tufte, Justice.**

[¶1]   Divide County appeals from judgments dismissing its complaints against Stateline Services, Inc., Power Energy Logistics, LLC, and five individuals (collectively, "Defendants"), which alleged they operated overweight vehicles on restricted roads. The County argues the district court erred in concluding it did not comply with the public notice requirements of N.D.C.C. § 39-12-03(2). We affirm.

I

[¶2]   In the fall of 2019, Divide County imposed certain weight restrictions on county and township roads due to wet conditions. Truck drivers for Stateline Services and Power Energy Logistics were pulled over on township roads and cited for operating overweight vehicles. The County commenced this civil action against the Defendants for statutory damages under N.D.C.C. § 39-12-17. After a bench trial, the district court dismissed the complaints, concluding the County failed to provide sufficient public notice of the weight restrictions through a uniform county permit system, and failed to erect and maintain signs at each end of the highway. The County appeals.

II

[¶3]   Under N.D.C.C. § 39-12-03(1), local authorities may impose weight restrictions on vehicles to prevent serious damage or destruction of a road due to inclement weather. The local authority must provide notice to the public "by publishing the inclement weather restriction on the local authority's website and a uniform county permit system or similar permit system within one hour after the initial determination of inclement weather." N.D.C.C. § 39-12-03(2)(a). The local authority must also erect and maintain a sign at each end of the portion of the highway affected by the inclement weather restriction within five days of the first date of inclement weather. N.D.C.C. § 39-12-03(2)(b). The district court concluded the County failed to provide sufficient

notice through its uniform county permit system, LoadPass, and erect and maintain signs.

[¶4]   The County argues the district court erred in concluding it did not publish the road restrictions on LoadPass. Findings of fact are not set aside unless clearly erroneous. N.D.R.Civ.P. 52(a)(6). "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made." *Hartman v. Grager*, 2021 ND 160, ¶ 14, 964 N.W.2d 482. We give due regard to the district court's opportunity to judge the witnesses' credibility. N.D.R.Civ.P. 52(a)(6).

[¶5]   LoadPass is an internet-accessible resource for participating counties, including Divide County, to provide notice of road restrictions. It allows users to obtain electronic overweight or oversize load permits and view road restrictions. Restrictions may be viewed as a list of notifications or through an interactive map. The district court found the inclement-weather weight restrictions were viewable in the notification list. However, the court found the interactive map on LoadPass showed the township roads were not restricted. Specifically, the court found that individual township roads on the map were not marked in red to indicate the weight restriction. Jason Pahl, the owner of Stateline Services, testified that when the company's dispatcher selected the township road where its driver was stopped, the informational display that appeared showed the road was not restricted. Further, the record shows the map has an "Alerts" feature allowing the user to search for restrictions on a particular type of road in the county, limiting the search, for example, to only county roads or only township roads. The court found there was an alert for restrictions on county roads, but no restrictions on township roads. The court found the trucks were traveling on township roads when they were pulled over, not county roads.

[¶6]   Pahl testified his company exclusively uses the map to identify road restrictions and truck routes. The court found that the interactive map was "one of the main user interfaces" in LoadPass and that trial testimony "indicated that the normal use of LoadPass when hauling was to route based

2

on [the] map." Ultimately, the court concluded the County failed to provide sufficient public notice of the relevant weight restrictions on LoadPass. We conclude the district court's findings are not clearly erroneous.

[¶7]   The County contends the district court's finding that the restrictions were viewable in the notification list shows it published the restrictions on LoadPass. We disagree. Pahl testified, and the court found, that the typical use of LoadPass was to use the map, not the notification list. The court found the map would not have notified the Defendants that the relevant township roads were restricted at the time their trucks were pulled over. We conclude that a road restriction is not published for purposes of the statute unless the information is available in the typical location where a user seeking such information would expect to find it, which in this case the district court found is the map interface. Thus, the court did not err in concluding the County failed to publish the restriction on its uniform county permit system.

### III

[¶8]   Because the County failed to publish the restrictions on its uniform county permit system, we need not also determine whether it failed to erect and maintain signs. We affirm the judgments.

[¶9]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
William A. Neumann, S.J.

[¶10] The Honorable William A. Neumann, Surrogate Judge, sitting in place of VandeWalle, J., disqualified.

3